**DISTRICT COURT OF MARYLAND FOR** Baltimore County

LOCATED AT (COURT ADDRESS)
1 Rolling Crossroads
Catonsville, MD 21228

Baltimore County District Court - Towson
Docket: 10/2 ~~1:08 PM~~ Submission: 10/27/2020 2:00 PM

**COMPLAINT/APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**
☒ $5,000 or under ☐ over $5,000 ☒ over $10,000

CASE NO. D-08-CV-20-032253

Clerk: Please docket this case in an action of ☐ contract ☒ tort ☐ replevin ☐ detinue ☐ bad faith insurance claim

The particulars of this case are:
See attached

**PARTIES**

Plaintiff
ADISA MODUPE
21 Compass Rd
Middle River, Maryland 21220

VS.

Defendant(s):
1. HUNTER WARFIELD INC. C/O Ray Sherbill or David Kay 7600 Wisconsin Ave Bethesda, MD 20814
SERVE: CSC-Lawyers Incorporating Service Co.
7 St. Paul Street, Suite 820, Baltimore, MD 21202

Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

2.
Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

3.
Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

4.
Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

(See Continuation Sheet)
The plaintiff claims $ 1,000 , plus interest of $ _____, interest at the ☒ legal rate ☐ contractual rate calculated at ____%, from ____ to ____ (____ days x $ ____ per day) and attorney's fees of $ ____ plus court costs.

☐ Return of the property and damages of $ ____ for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of $ ____ for its detention in action of detinue.
☐ Other: ____
and demands judgment for relief.

/s/ Phillip Chalker              1412161047
Signature of Plaintiff/Attorney/Attorney Code    CPF ID No.

Printed Name: Phillip Chalker
Address: 217 N. Charles St. FL 2, Baltimore, MD 21201
Telephone Number: 443-961-7345
Fax: 667-303-3384
E-mail: phillip@attorneychalker.com

**ATTORNEYS**
For Plaintiff- Name, Address, Telephone Number & Code
Phillip Chalker
217 N. Charles St. FL 2, Baltimore, MD 21201
443-961-7345
1412161047

**MILITARY SERVICE AFFIDAVIT**

☐ Defendant(s) _____ Name _____ is/are in the military service.
☒ No defendant is in the military service. The facts supporting this statement are: Defendant is a business

Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.

☐ I am unable to determine whether or not any defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

10/27/2020                           /s/ Phillip Chalker
Date                                 Signature of Affiant

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT** (See Plaintiff Notice on Back Page)
Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the defendant clearly of the claim against the defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet
☐ Vouchers ☐ Check ☐ Other written document ☐ ____ ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☐ plaintiff ☐ ____ of the plaintiff herein and am competent to testify to the matters stated in this Complaint, which are made on my personal knowledge; that there is justly due and owing by the defendant to the plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

_____            _____
Date                            Signature of Affiant

DC-CV-001 (front) (Rev. 12/2018)

## NOTICE TO DEFENDANT

### Before Trial

**If you agree that you owe the plaintiff the amount claimed,** you may contact the plaintiff (or plaintiff's attorney) before the trial date to arrange payment. **If you wish to contest the claim,** you should notify the clerk's office by filing a Notice of Intent to Defend (located at the bottom of your summons). The case will be set for trial. If you wish to have your witnesses appear at trial, you should contact the clerk's office at least two weeks before the trial date to request subpoenas, and you should bring to court on the trial date any evidence you want the court to consider. **If you do nothing,** a judgment could be entered against you.

### If Judgment is Entered Against You (If You Lose)

IF YOU <u>DISAGREE</u> WITH THE COURT'S RULING, you may:

1. **APPEAL** to the circuit court, by filing a Notice of Appeal in the District Court within **30 days** after the entry of judgment. You will have to pay a filing fee (see Guide to Appeal Fees, DCA-109A), unless the court determines that you are indigent. If the amount of the claim, not counting court costs, interest, and attorney's fees, is:

   - **more than $5,000**, you will also have to order and pay for a transcript of the District Court trial record, by contacting the District Court clerk's office (see Transcripts & Recordings Brochure, DCA-027BR).

   - **$5,000 or less**, you will have a new trial in the circuit court.

   On your trial date you should bring with you any evidence that you want the court to consider.

2. File a **MOTION FOR A NEW TRIAL** within **10 days** after the entry of judgment, stating your reasons clearly. If the court denies your motion, you may still file an appeal; if the court grants your motion, you must appear in the District Court for a new trial.

3. File a **MOTION TO ALTER OR AMEND THE JUDGMENT** within **10 days** after entry of judgment.

4. File a **MOTION TO REVISE OR VACATE THE JUDGMENT** within **30 days** after entry of judgment.

IF YOU DECIDE <u>NOT</u> TO APPEAL AND <u>NOT</u> TO FILE ONE OF THE ABOVE MOTIONS, you may contact the plaintiff or plaintiff's attorney to arrange to pay the amount owed. If you do not pay the amount owed, the plaintiff or plaintiff's attorney may initiate further proceedings to enforce the judgment, including:

1. **Interrogatories:** You must answer these written questions about your income and assets in writing under penalties of perjury.

2. **Oral Examination:** You must appear in court to testify in response to questions about your assets and income.

3. **Writ of Execution:** The court may issue a writ requiring the sale or seizure of any of your possessions except, with some exceptions, property that is exempt from execution. The exemptions are explained in detail on the reverse side of the Writ of Execution form, DC-CV-040. Further, the court could order you to pay additional expenses such as towing, moving, storage fees, advertising costs, and auctioneer's fees incurred in executing the writ.

4. **Garnishment of Property:** The court may issue a writ ordering a bank or other agent to hold your assets until further court proceedings.

5. **Garnishment of Wages:** The court may issue a writ ordering your employer to withhold a portion of your wages to pay your debt. The law provides certain exemptions from garnishment.

If you have any questions, you should consult an attorney. **The clerk of the court is not permitted to give you legal advice. More information can be found in court brochures located in the clerk's office or online at:** http://www.mdcourts.gov/district/public_brochures.html.

## NOTICE TO PLAINTIFF

### REQUESTING A JUDGMENT BY AFFIDAVIT OR DEFAULT:

Federal Law requires the filing of a military service affidavit. Information about the Servicemembers Civil Relief Act and the required affidavit can be found on the court's website at: http://mdcourts.gov/reference/scra.html.

### AFTER THE COURT ENTERS A JUDGMENT:

1. If the court enters a judgment for a sum certain, you have the right to file for a lien on real property.
2. If you disagree with the outcome of the case, you have the same post-trial rights as the defendant does: you may file an Appeal, a Motion for New Trial, a Motion to Alter or Amend the Judgment or a Motion to Revise or Vacate the Judgment. See above for further information concerning these rights.

DC-CV-001 (back) (Rev. 12/2018)

| | | |
|---|---|---|
| ADISA MODUPE, | * | IN THE |
| 21 Compass Rd | | |
| Middle River, Maryland 21220 | * | DISTRICT COURT FOR |
| | | |
| Plaintiff, | * | BALTIMORE COUNTY |
| | | |
| v. | * | Case No. |
| | | |
| HUNTER WARFIELD INC. | * | |
| C/O Ray Sherbill or David Kay | | |
| 7600 Wisconsin Ave. | * | |
| Bethesda, MD 20814 | | |
| | * | |
| Serve On: | | |
| CSC-Lawyers Incorporating | * | |
| Service Company | | |
| 7 St. Paul Street, Suite 820 | * | |
| Baltimore, MD 21202 | | |
| | * | |
| Defendant | | |

* * * * * * * * * * * * *

## CLASS ACTION COMPLAINT

Plaintiff Adisa Modupe ("Modupe"), by and through her undersigned counsel, files this Complaint and in support of states as follows:

## PARTIES

1. Plaintiff, Modupe, is a resident of Baltimore County, Maryland.

2. Defendant, Hunter Warfield is debt collector that is an incorporated business from Florida, that regularly conducts business in Baltimore County Maryland.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C §1692k(d) because the suit is for a violation Fair Debt Collection Practices Act.

4. Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this action occurred in Maryland. Specifically, Defendant or their agents

intentionally attempted to collect a debt in Baltimore County, Maryland thereby causing harm to Plaintiff.

## STATEMENT OF FACTS

5. Modupe signed a residential lease on April 1, 2017 with Owings Chase Apartments, LLC (OCA).

6. She paid a security deposit of $100.

7. The lease provides that "Unless a party is seeking exemplary, punitive, or sentimental or personal-injury damages, the prevailing party may recover from the non-prevailing party attorneys' fees and all other litigation costs." Ex. 1.

8. Modupe has since moved out of and terminated her tenancy at Owings Chase Apartments.

## COUNT I
### MD Code Anne. Comm Law §14-201 et seq.

9. Plaintiff incorporates the previous paragraphs into Count I.

10. The Maryland Consumer Debt Collection Act (MCDCA) states debt collectors cannot "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist." MD Code Anne. Comm Law §14202(8).

11. Further it is a violation of the MCDCA to violate sections 804 through 812 of the federal Fair Debt Collection Practices Act.

12. 15 USC 1692e, which is §807 of the FDCPA prohibits false representation of the character and amount of a debt.

13. Defendant is a large national company that regularly collects debts from tenants in Maryland.

14. Hunter attempted to collect a debt that it knew did not exist when it attempted to collect

interest of 8 percent on a lease that provided for interest of 18 percent and when State law limits interest to 5 percent.

15. 15 USC 1692f, which is §808(1) of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt", which includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

16. Defendant attempted to collect usurious interest.

17. As the direct and proximate result of Defendant's action, the Plaintiff has suffered economic injury.

## COUNT II
### Fair Debt Collection Practices Act

18. Plaintiff incorporates the previous paragraphs into Count II.

19. 15 USC 1692e, which is §307 of the FDCPA prohibits false representation of the character and amount of a debt.

20. Defendant attempted to collect a debt that it knew did not exist when it attempted to collect interest of 8 percent on a lease that provided for interest of 18 percent and when state law limits interest to 5 percent.

21. 15 USC 1692f, which is §808(1) of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt", which includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

22. Defendant attempted to collect usurious interest.

23. As the direct and proximate result of Defendant's actions, Plaintiff and the class she seeks to represent have suffered economic injury.

## COUNT III
## Maryland Consumer Protection Act

24. Plaintiff incorporates the previous paragraphs into Count III.

25. OCA provided Defendant with a lease that articulated 18 percent interest could be charged on debts owed by a tenant after termination of the tenancy.

26. Thereafter Defendant attempted to collect the alleged debt owed.

27. Defendant attempted to collect a debt that it knew did not exist when it attempted to collect interest of 8 percent on a lease that provided for interest of 18 percent and when state law limits interest to 5 percent.

28. In doing so, Defendant sent Plaintiff written communication concerning the debt.

29. Md. Code Anne. Comm. Law §13-301(1) states that it unfair, abusive, or deceptive trade practices to "include any false ... or misleading oral or written statement...or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers."

30. A consumer is an actual or prospective purchaser, lessee, or recipient of consumer goods, consumer services, consumer realty, or consumer credit Md. Code Anne. Comm. Law §13-101(c)(1).

31. Consumer realty is real property primarily used for personal, household, family or agricultural services. Md. Code Anne. Comm. Law §13-101(d)(1).

32. All the transactions that occurred between Plaintiff and Defendants are related to consumer realty.

33. Pursuant to Md. Code Anne. Comm Law §13-303 A person may not engage in any unfair, abusive, or deceptive trade practice in "the sale, lease, rental, loan, or bailment of any consumer goods, consumer realty, or consumer services;… or the collection of consumer debts."

WHEREFORE, Plaintiff Modupe Adisa respectfully prays for the following relief:

A. That this Court enter judgment for monetary damages in favor of the Plaintiff for $1,000;

B. That this Court award to the Plaintiff the costs of these proceedings and a reasonable attorneys' fee;

C. That this Court order such other and further relief as the nature of this case may require.

Respectfully Submitted,

*Phillip Chalker*

Phillip Chalker
CPF: 1412160147
The Law Office of Phillip E. Chalker
217 N. Charles St. FL 2
Baltimore, MD 21201
Ph: 443-961-7345    Fx: 667-303-3384
phillip@attorneychalker.com